UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEITH JAMES SULLIVAN,

      Petitioner,

v.                                  Case No. 3:22-cv-1307-HES-PDB

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER

### I. Status

Petitioner Leith James Sullivan, an inmate of the Florida penal system, initiated this action by filing a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1, Petition) on November 18, 2022. Petitioner challenges a 2017 plea-based state court (Bradford County, Florida) judgment and sentence for engaging in sexual battery with a child between the ages of 12 and 18 by a person in familial or custodial authority. See Doc. 1 at 1.

Petitioner raises five grounds of ineffective assistance of counsel, one ground based on newly discovered evidence, and one ground of appellate court error during post-conviction proceedings. Doc. 1 at 5–10; Doc. 2. Respondent asserts that the Petition is untimely filed and requests dismissal of this case

with prejudice. See Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 12) (Resp.) (Resp. Exs.). Despite being given the opportunity, Petitioner failed to reply. See Doc. 10 at 5; Doc. 14; Doc. 16. This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The federal statute of limitations requires a claim-by-claim approach to determine timeliness in a multiple-trigger case. Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013).

### III. Analysis

**A. Grounds One through Five**

In Grounds One through Five, Petitioner contends that counsel was ineffective during the plea negotiations and sentencing. Doc. 1 at 5-10; Doc. 2 at 1-12. These claims are based upon facts which Petitioner knew before his judgment of conviction became final. Therefore, the finality date is the appropriate trigger for the federal limitations period as to these five claims. See 28 U.S.C. § 2244(d)(1)(A).

On August 14, 2017, Petitioner entered a negotiated plea of nolo contendere (Case 04-2017-CF-1-A) to the charge of Engaging in Sexual Battery with a Child 12 to 18 Years of Age by Familial or Custodial Authority. Resp. Ex. A at 97-101. Pursuant to the terms of the plea agreement, he was adjudicated guilty of the above offense on August 15, 2017, designated a sexual predator, and sentenced to 20 years in prison. Resp. Ex. A at 100-07. He did not file a direct appeal of his judgment and sentence; thus, the judgment of conviction became final upon the expiration of the time to file a notice of appeal on Thursday, September 14, 2017. See Davis v. Sec'y, Dep't of Corr., 2021 WL

1567343, at *1 (11th Cir. Apr. 21, 2021) ("Where a defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a notice of appeal expires."); Fla. R. App. P. 9.140(b)(3) (allowing thirty days to appeal from rendition of a written order imposing sentence). Petitioner's one-year AEDPA statute of limitations began to run the next day, Friday, September 15, 2017, and it expired on Friday, September 14, 2018, without Petitioner filing any post-conviction motions that would properly toll the one-year period.

After the expiration of Petitioner's federal limitations period, he filed a Motion for Postconviction Relief on March 29, 2019, Resp. Ex. A at 14-66, and a second Motion for Postconviction Relief on June 23, 2022. Resp. Ex. D-1 at 7-33. Because there was no time left to toll, however, Petitioner's motions for post-conviction relief did not toll the federal one-year limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating where a state prisoner files post-conviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d) (2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period

4

because there is no period remaining to be tolled."). Therefore, the Court finds that Grounds One through Five of the Petition are untimely filed.

Because those grounds are untimely, Petitioner must show he is entitled to equitable tolling to have the Court review those claims. "When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court established a two-prong test for equitable tolling of the one-year limitations period, stating that a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (recognizing equitable tolling is an extraordinary remedy "limited to rare and exceptional circumstances and typically applied sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting the Eleventh Circuit "held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

Petitioner asserts that he is entitled to equitable tolling because he has mental illnesses (post-traumatic stress disorder, depression, brain damage,

5

and memory loss) that prevented him from "understand[ing] the need to timely file a 2254 petition . . . ." Doc. 1 at 13-14. But he has not shown that his alleged condition justifies equitable tolling. "[M]ental impairment is not *per se* a reason to toll a statute of limitations." Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). Instead, a petitioner "must establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005); see also Hunter, 587 F.3d at 1308 ("[T]he alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition.").

Petitioner fails to meet his burden. He "has not provided any documentation or other evidence that he has been diagnosed as mentally [disabled] . . . ." Sacco v. Sec'y, DOC, 2015 WL 4645874, at *3 (M.D. Fla. Aug. 5, 2015). Nor has he "provided any evidence to show that a significant mental disability was what prevented him from filing a timely habeas petition." Taylor v. Lightner, 2015 WL 3407622, at *5 (S.D. Ala. May 27, 2015); see also Spears v. Warden, 605 F. App'x 900, 905 (11th Cir. 2015) ("[T]he record indicates that [petitioner] has some history of mental-health issues and medication, but [he] has not explained how his mental-health issues or medication...affected his ability to file a timely petition.").

6

Moreover, Petitioner timely sought post-conviction relief in state court, filing a Rule 3.850 motion within the two-year deadline. Resp. Ex. A at 14-66. See Castleberry v. State, 880 So. 2d 765, 765 (Fla. 2d DCA 2004) ("Rule 3.850 requires that a motion for postconviction relief be filed within two years after the judgment and sentence become final.")). His ability to timely pursue state remedies undermines any suggestion that he could not do the same in federal court. See Fox v. McNeil, 373 F. App'x 32, 34 (11th Cir. 2010) (equitable tolling not warranted based on mental illness because, among other things, petitioner "was able to file several *pro se* motions in state court for post-conviction relief"); Burnett v. Sec'y, Fla. Dep't of Corr., 2019 WL 920203, at *4 (N.D. Fla. Jan. 23, 2019) ("[Petitioner] fails to explain why he was able to timely pursue the state remedies, but not a federal remedy."), adopted by 2019 WL 919592 (N.D. Fla. Feb. 25, 2019).

Finally, Petitioner indicated on his plea agreement form that he was "competent to enter this plea;" his "physical and mental health [was] presently satisfactory;" and there were no "exceptions." Resp. Ex. A at 98. And during the change-of-plea hearing, Petitioner acknowledged that he understood the information on the plea agreement form and that he had discussed the entire form with counsel. Resp. Ex. A at 110-11. See Beck v. United States, 2026 WL 934211, at *3 (11th Cir. Apr. 7, 2026) ("We apply a 'strong presumption' that

7

statements made by a defendant during his plea colloquy are true.") (citation omitted).

For these reasons, Petitioner fails to show that his alleged mental illness warrants the application of equitable tolling. Therefore, Grounds One through Five of the Petition must be dismissed as untimely.

## B. Six and Seven

In Ground Six, Petitioner contends that newly discovered evidence, Christina Phillips's January 11, 2022 deposition testimony, establishes his innocence and renders his plea involuntary. Doc. 2 at 13–16. In Ground Seven, Petitioner contends that on September 21, 2022, the state appellate court incorrectly denied his petition for a belated appeal of the denial of his Rule 3.850 motion. Doc. 2 at 17–19. Both these claims are based upon facts which Petitioner knew after his judgment of conviction became final. Therefore, the date on which the factual predicate of each claim could have been discovered through the exercise of due diligence is the appropriate trigger for the federal limitations period as to these two claims. See 28 U.S.C. § 2244(d)(1)(A). For Ground Six, the trigger date is January 11, 2022, the date of the deposition testimony. And for Ground Seven, the trigger date is September 21, 2022, the date the appellate court denied Petitioner's petition for a belated appeal.

Petitioner filed the Petition on November 11, 2022. Therefore, the Court finds that Grounds Six and Seven of the Petition are timely.

Nonetheless, neither claim warrants relief. In Ground Six, Petitioner contends that Christina Phillips's January 11, 2022 deposition testimony that the victim "didn't say [she and Petitioner] had sex" proves his innocence. Doc. 1 at 13. But "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 401 (1993); see also Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002) (citing Herrera) ("It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial.").

Even if Ground Six presents a cognizable claim for relief to the extent it asserts that the new evidence renders his plea involuntary, it fails on the merits. "To obtain habeas relief under the AEDPA, Petitioner must demonstrate that the state court's post-conviction ruling was (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding.'" Cook v. Warden, Ga. Diagnostic Prison, 677 F.3d 1133, 1136 (11th Cir. 2012) (quoting 28 U.S.C. § 2254(d)(1), (2)).

In denying this claim, the state post-conviction court found that Phillips's deposition testimony did not say what Petitioner claimed it said and did not contradict Phillips's prior statements to law enforcement and the state court. The state court also found that Petitioner admitted to committing the offense. Id. The state court concluded that even if Phillips's deposition testimony was "newly discovered evidence," there was not a reasonable probability that Petitioner would have pleaded not guilty and proceeded to trial. Id.

The record supports the state court's findings. During the change of plea hearing, Petitioner apologized and admitted that he "had no one to blame but" himself. Resp. Ex D1 at 63. The police report indicates that Petitioner admitted to law enforcement that "he fingered" the victim. Id. at 22. The report also indicates that Petitioner told Phillips that he "had sex a couple times" with the victim. Id. at 22. And another witness informed law enforcement that Petitioner told him that he had touched the victim's vagina and put his penis inside her vagina. Id. at 23. Finally, during an interview with a member of the Child Protection Team, the victim stated, among other things, that Petitioner had touched her vagina with both his finger and his penis. Id. at 23.

During the January 2022 deposition, Phillips testified that before she was told she was not to speak to the victim any longer, the victim "didn't say [she and Petitioner] had sex." Id. at 32. But Phillips also testified that the victim told her that "[Petitioner] made her do things to him and that he would do things to her." Id. Thus, Phillips's deposition testimony is not truly inconsistent with Phillips's statements in the police report. And even if Phillips's testimony that the victim "didn't say [she and Petitioner] had sex" is inconsistent with the part of the police report that indicates Phillips said the victim "told her that she and [Petitioner] had sex twice," the state court's determination that there was no reasonable probability that Petitioner would have proceeded to trial because of this inconsistency was reasonable.

Phillips was not the only witness. The victim stated that Petitioner touched her vagina with both his finger and penis. And witnesses other than Phillips stated that Petitioner admitted to them that he had committed those acts with the victim. Under those circumstances, there is no reasonable probability that Petitioner would have proceeded to trial. See Hill v. Lockhart, 474 U.S. 52, 59-60 (1985) (court should look to the totality of the circumstances to determine whether there is a reasonable probability that the petitioner would, in fact, have not pled guilty and would have instead proceeded to trial). This is especially true here, where Petitioner received a favorable plea offer of

11

20 years in prison, whereas he faced the possibility of a life sentence, see Resp. Ex. D1 at 40-42, had he proceeded to trial. Padilla v. Kentucky, 559 U.S. 356, 372 (2010) ("[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

Upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of clearly established federal law, and it was not based on an unreasonable determination of the facts, given the evidence presented to the state court. Ground Six is denied.

In Ground Seven, Petitioner challenges the review process afforded him in the Rule 3.850 post-conviction proceeding. This ground for relief does not state a claim cognizable on federal habeas. "It is well established in the Eleventh Circuit that a § 2254 court is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state collateral proceedings. This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself." Garrison v. McCrae, 2009 WL 3055349, at *15 (N.D. Fla. Sept. 21, 2009) (citation omitted); see also Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004) ("while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral

12

proceeding does not state a basis for habeas relief."). Since this claim challenges only the process afforded to Petitioner in the state collateral proceedings and does not represent a constitutional challenge to his confinement, Ground Seven does not provide a basis for federal habeas relief and is denied.

Accordingly, it is **ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 12) is **GRANTED**, in part, and **DENIED,** in part. The motion to dismiss is **GRANTED** solely to the extent that Grounds One through Five of the Petition are dismissed as time-barred. The motion to dismiss is otherwise **DENIED**. Grounds Six and Seven are **DENIED** on the merits. This case is **DISMISSED** with prejudice.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals this Order, this Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk of Court shall terminate from the

pending motions report any motion to proceed on appeal as a pauper that may

be filed in this case. Such termination shall serve as a denial of the motion.[1]

**DONE AND ORDERED** at Jacksonville, Florida on May 26th, 2026.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
Leith James Sullivan, *pro se*
Counsel of Record

---

[1] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

14